**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - X
ANDREW RUSSO,                        :
                            :
        Petitioner,          :
                            :          97 Civ. 8591 (JFK)
        -against-            :          **OPINION and ORDER**
                            :
D. HASTY, WARDEN,                    :
METROPOLITAN CORRECTIONAL           :
CENTER                               :
                            :
        Respondent.          :
- - - - - - - - - - - - - - X

<u>APPEARANCES</u>:

    For the Petitioner,

        GEORGE W. GALGANO
        Galgano & Associates
        399 Knollwood Road
        White Plains, New York 10603

    For the Respondent,

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
        Of Counsel:  AUSA Sarah Y. Lai

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

A Motion for Equitable Relief requesting the immediate release of the movant Andrew Russo ("Russo") is before this Court. Russo claims to have served 18 months in excess for a 1996 parole violation due to the Parol Commission's erroneous conclusion that he was the head of the Colombo crime family, when he claims to be only a captain of that organization. Russo was released from the operation of this parole violation sentence on May 19, 1999, but according to Russo, he should have been released from the sentence in November 1997. Russo, who is currently serving time for another crime (jury tampering conspiracy), believes an 18-month credit should, therefore, be applied to his current sentence. By Russo's calculations, his current sentence would then be completed and his immediate release required. The Court disagrees.

BACKGROUND

In November 1986, Russo was sentenced by this Court to 14 years imprisonment for RICO violations and related crimes. <u>See United States v. Persico</u>, 646 F. Supp. 752 (S.D.N.Y. 1986), <u>aff'd</u>, 832 F.2d 705 (2d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1022 (1988). On July 29, 1994, Russo was released from prison on parole. As a special condition of his parole, Russo was prohibited from associating with members and associates of

organized crime. On March 13, 1997, a warrant was executed alleging that Russo had violated this special condition by meeting with Joel Cacace on May 20, 1996, and Russo was taken into custody.

After a parole revocation hearing, the United States Parole Commision issued a July 2, 1997 order revoking Russo's parole and sentencing him to 24 months imprisonment, as opposed to the customary range of 0-8 months, because of "aggravating factors," specifically,

> Your association with a member/associate of the Columbo Crime Family. Additionally, an FBI informant has advised that you were made boss of the Colombo Crime Family after your release from prison in 1994.

(Petr.'s Verified Pet. dated Nov. 17, 1997, Ex. C.) The National Appeals Board affirmed this decision and added that the Parole Commission's finding that Russo was the head of the Colombo crime family was supported by a finding from Judge Hurley of the Eastern District of New York. (Petr.'s Verified Pet. dated Nov. 17, 1997, Ex. E (citing United States v. Hickey, No. 96 Cr. 693 (DRH)(order granting bail dated Feb. 18, 1997))).

To challenge the agency's final order, Russo filed a habeas petition with this Court on November 18, 1997. On May 7, 1998, Russo's petition was denied. Russo v. Hasty, No. 97 Civ. 8591, 1998 WL 230958 (S.D.N.Y. May 7, 1998).

On appeal, the Second Circuit affirmed revocation of

parole but remanded for reconsideration of sentencing because

> The district court, and the Parole Commission,
> relied upon a finding by Judge Denis R. Hurley of
> the Eastern District of New York that Russo was the
> boss of the Colombo crime family. Submissions from
> counsel for Russo after oral argument indicate that
> Judge Hurley has since retreated from this position
> ... In light of this new finding, we vacate that
> part of the judgment relating to Russo's sentence,
> and remand the case to the district court with
> instructions to remand to the Parole Commission for
> resentencing on his parole violation.

Russo v. Hasty, 1999 WL 197197 (2d Cir. Apr. 1, 1999).

In accordance with the Second Circuit decision, this
Court remanded the case to the Parole Commission. Russo v. Hasty,
No. 97 Civ. 8591 (JFK) (order remanding to Parole Commission
dated Apr. 27, 1999 ) (signed by Duffy, J.). Apparently, the
Parole Commission never resentenced Russo, and Russo was released
on May 19, 1999, at the expiration of the original 24-month
sentence.

Russo was not released into the community on May 19,
1999, but rather he began serving another sentence for an
unrelated crime: After Russo was released in July 1994 from his
original RICO sentence but before his arrest in March 1997 for
violating a special condition of his parole, Russo was indicted
and charged with jury tampering conspiracy in the Eastern
District of New York. (Gov't Resp. 1.)

In the instant motion, Russo argues that his parole
violation sentence should have been 8 months instead of the 24

4

imposed.  Consequently, he contends that he should have been

released from operation of that sentence in November 1997.

According to Russo's argument, he should, therefore, have begun

serving his jury tampering conspiracy sentence in December 1997.

If that had occurred, Russo claims he would now be eligible for

immediate release from prison. (Pet.'s Br. 7-8.)

The government disagrees, arguing that Russo's motion,

"which sounds in equity, is barred by his own lack of diligence,"

and furthermore that the motion is moot because Russo completed

the parole violation sentence, the sentence underlying this

motion, in 1999. (Gov't Resp. 2.)

DISCUSSION

The government's contentions are correct.  In the first

instance, Russo's motion for equitable relief, which could have

been brought 7 years ago, is now barred. See Pace v. DiGuglielmo,

544 U.S. 408, 419 (2005) ("Under long-established principles,

petitioner's lack of diligence precludes equity's operation");

McQuiddy v. Ware, 87 U.S. 14, 19 (1873) ("Equity always refuses

to interfere where there has been gross laches in the prosecution

of rights"); Honeycut v. Ward, 612 F.2d 36, 41 (2d Cir. 1979)

("The standard used for determining if the petitioner shall be

barred from asserting his claim is consistent with that used in

laches provisions generally.  The petitioner is held to a

standard of reasonable diligence.").

Because the sentence at issue was completed in 1999, the motion is also moot. See Spencer v. Kemma, 523 U.S. 1, 12-16 (1998) (holding challenge to parole revocation moot where petitioner had completed the underlying sentence).

Even if the request were not barred by the doctrines discussed above, it is not certain that Russo's sentence would have been substantially reduced on remand. Russo's calculation that he served 18 months too long is based on the premise that the Parole Commission would have reduced his sentence on remand from 24 months to 8 months. The Second Circuit, however, did not order the Parole Commission to reduce Russo's parole violation sentence by any fixed amount of time. Rather, the Circuit remanded so the Parole Commission could decide, based on new information about Russo's role in the Colombo crime organization, the appropriate sentence. See Russo v. Hasty, 1999 WL 197197 (2d Cir. Apr. 1, 1999).

That Russo was mistakenly designated as the boss of the Colombo crime family, was not the sole aggravating factor influencing the Parole Commission's 24-month sentence. The Commission also considered "Your association with a member/associate of the Colombo Crime Family." Russo's status within the organization was considered "[a]dditionally." (Petr.'s Verified Pet. dated Nov. 17, 1997, Ex. C.) Therefore, Russo's role as a captain and not the boss would not necessarily have

reduced the sentence from 24 months to 8 months, as Russo contends.

Furthermore, assuming Russo were even entitled to a reduced sentence for his parole violation, this Court does not have the power to direct the Bureau of Prisons to credit Russo's current jury racketeering conspiracy conviction for time he incorrectly served for a parole violation on an unrelated crime. "'The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody.'" United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir. 1999) (quoting United States v. Montez-Gaviria, 163 F.3d 697, 700 (2d Cir. 1998)).

## CONCLUSION

For the reasons set forth above, Russo's Motion for Equitable Relief calling for his immediate release from prison is denied.

**SO ORDERED.**

Dated:   New York, New York
         May 2 2 , 2006

John F. Keenan

**JOHN F. KEENAN**
**United States District Judge**

7